IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | |
| Aqua Marine Enterprises, Inc., | ) | |
| EIN: XX-XXX3036 | ) | CASE NO. 18-80464-CRJ11 |
| | ) | |
| Debtor. | ) | CHAPTER 11 |
| | ) | |

**RE-NEWED MOTION FOR RELIEF
FROM AUTOMATIC STAY AND REQUEST FOR EXPEDITED HEARING**

COMES NOW, Aqua Marine Enterprises, Inc., by and through its undersigned counsel, and respectfully renews its request for this Honorable Court to enter an Order pursuant to §362(d) granting relief from the automatic stay to allow the parties to proceed with the below referenced Appeal and requests an expedited hearing on such motion, and in support thereof would say:

1. On February 16, 2018 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in this district and division.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicate for relief requested herein is 11 U.S.C. §362.

3. Debtor is a manufacturer of steel storm shelters. It also markets and sells the product throughout North Alabama. Since the Petition Date, the Debtor has continued to operate and manage its business as debtor in possession under sections 1107(a) and 1108 of the

1

Bankruptcy Code. To date, this Court has not appointed a trustee or examiner nor has any official committee been established in this bankruptcy case.

4. Prepetition, Debtor was involved in litigation styled *K&B Fabricators, Inc. vs. Aqua Marine Enterprises, Inc., et al.,* Case No. CV2014-900394.00. The final order was entered in the Circuit Court for Morgan County, Alabama on April 28, 2017. The Debtor and its principal, Brent Mitchell, appealed this final order to the Alabama Supreme Court on October 3, 2017 in Case No. 1770021 (hereinafter "the Appeal").

5. This Court considered multiple matters in this case including a request by both the Debtor and K&B Fabricators, Inc. ("K&B") for relief from the automatic stay in order to allow the Appeal to proceed at the status conference held on March 5, 2018. At the hearing, the Court ordered the automatic stay be terminated for the purposes of allowing the Appeal to proceed.

6. Notwithstanding the foregoing ruling, K&B filed a Suggestion of Bankruptcy and Motion to Stay with the Alabama Supreme Court on March 12, 2018, requesting that the Appeal be stayed in its entirety pending the resolution of the Debtor's bankruptcy case. A true and correct copy of this Suggestion of Bankruptcy is attached as Exhibit "A". The Alabama Supreme Court granted K&B's request to stay the entire appeal on March 15, 2018.

7. The filing of the Suggestion of Bankruptcy by K&B is completely at odds with the representations made to this Court relative to the request for relief from the automatic stay for the purposes of allowing the Appeal to proceed.

8. Moreover, subsequent to the status conference counsel for the Debtor has been unable to reach an agreement with counsel for K&B as to the scope of the Order for relief. Debtor

2

submits that it is both necessary and appropriate for the Order terminating the stay regarding the Appeal to be *nunc pro tunc* to February 16, 2018, which is the Petition Date.

9. Factors which bankruptcy courts have considered when determining whether actions should be retroactively approved include whether a Court would have authorized the post-petition action if a timely application had been made, whether any creditor would be harmed by the continuation of the action and whether the debtor honestly believed it had the authority to act. See, *In re Allied Sign Co., Inc.,* 280 B.R. 688, 693 (Bankr. S.D. Ala. 2001).

10. The Debtor respectfully submits that this Court would have granted the parties relief from the automatic stay on February 16, 2018, just as it did at the status conference on March 5, 2018. Moreover, the automatic stay, under §362 of the Bankruptcy code, "operates as a stay, applicable to all entities, of the commencement or continuation ... of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the bankruptcy. 11 U.S.C. §362(a). See, *In re Kozich*, 406 B.R. 949, 953 (Bankr. S.D. Fla. 2009)(emphasis original). Thus, the Debtor appropriately believed that the automatic stay did not prevent it from filing its brief with the Alabama Supreme Court, which it did on March 1, 2018, pursuant to that Court's briefing schedule.

11. Furthermore, K&B is not harmed by the entry of an Order terminating the stay as to the Appeal *nunc pro tunc* to February 16, 2018. No act or event occurred during the intervening 17 days between the Petition Date and the status conference which prejudiced

3

K&B's rights on appeal.[1] The Debtor, however, is now concerned that K&B will use the stay before the Alabama Supreme Court to argue that the Debtor's brief on appeal is somehow invalid in an effort to thwart an otherwise meritorious appeal.

12. Lastly, there is little doubt that the validity and amount of K&B's claim, if any, are central components to any plan of reorganization which the Debtor will propose in this case. As such, it is not in the best interests of the Estate or its creditors for the appellate proceedings to be delayed. Accordingly, the combination of K&B's actions, which are directly contrary to the relief requested and obtained from this Court, and need for the Appeal to proceed without delay constitute "cause" under §362(d) of the Bankruptcy Code to terminate the automatic stay for the purposes of allowing the Appeal to proceed. Furthermore, the Debtor requests that this Court enter its Order terminating the automatic stay as to the Appeal *nunc pro tunc* to February 16, 2018.

WHEREFORE, PREMISES CONSIDERED, Debtor, Aqua Marine Enterprises, Inc., respectfully requests that this Honorable Court grant it relief from the automatic stay as to the Appeal *nunc pro tunc* to February 16, 2018 as well as grant it such additional relief as is just and proper.

Respectfully submitted on this 16th day of March, 2018.

*/s/ Kevin D. Heard*
Kevin D. Heard
Attorney for Debtor

---

[1] Indeed, as recently as March 8, 2018 counsel for K&B Fabricators in the Appeal sought and obtained from the Debtor and Mr. Mitchell consent to an extension of time in which to file their Appellee Brief.

4

Heard Ary & Dauro, LLC
303 Williams Avenue Ste 921
Huntsville, Alabama 35801
Telephone: (256) 535-0817
kheard@heardlaw.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 16th day of March, 2018, I served a copy of the foregoing **Debtor's Renewed Motion for Relief from Automatic Stay** on the parties listed below and on the attached matrix by depositing the same in the United States Mail, postage prepaid and properly addressed, via electronic email at the e-mail address below, unless the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" pursuant to FRBP 9036 in accordance with subparagraph II.B.4. of the Court's Administrative Procedures as indicated below:

**Notice will be electronically mailed to:**

Richard Blythe
Richard_Blythe@alnba.uscourts.gov, courtmaildec@alnba.uscourts.gov

Tazewell T. Shepard IV counsel for Movant K&B Fabricators, Inc.
ty@ssmattorneys.com, janelle@ssmattorneys.com

                                                      */s/ Kevin D. Heard*
                                                      Kevin D. Heard

5